FARHAD NOVIAN (State Bar No. 118129)
farhad@novianlaw.com
SHARON RAMINFARD (State Bar No. 278548)
sharon@novianlaw.com
MICHAEL O'BRIEN (State Bar No. 277244)
michaelo@novianlaw.com
NOVIAN & NOVIAN LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone:   (310) 553-1222
Facsimile (310) 553-0222


Attorney for Plaintiff,
L.A. T-SHIRT & PRINT, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. T-SHIRT & PRINT, INC., a California corporation dba RIOT SOCIETY,<br><br>                    Plaintiff,<br><br>          v.<br><br>RUE 21, INC., a Delaware corporation; NEW RUE21 HOLDCO, INC., a Delaware corporation; NEW RSC, LLC, a Delaware limited liability company; R SERVICES LLC, a Virginia limited liability company; NEW RUE21, INC., a Delaware Corporation; NEW RUE21 INTERMEDIATE, INC., a Delaware Corporation; NEW RUE21, LLC, a Delaware limited liability company; R21 HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Copyright Infringement;**<br>2. **Vicarious and/or Contributory Copyright Infringement**<br>3. **Trademark Infringement**<br>4. **Trademark Dilution**<br>5. **Unfair Competition**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY ("Plaintiff"), by and through its undersigned counsel, complaining of the defendants RUE 21, INC., a Delaware corporation; NEW RUE21 HOLDCO, INC., a Delaware corporation; NEW RSC, LLC, a Delaware limited liability company; R SERVICES LLC, a Virginia limited liability company; NEW RUE21, INC., a Delaware Corporation; NEW RUE21 INTERMEDIATE, INC., a Delaware Corporation; NEW RUE21, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks which are transacted primarily in and through the apparel industry.  Plaintiff owns these designs in exclusivity and exploits these designs for profit by manufacturing and selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used over twenty (20) of such designs in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2.    The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3.    This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a

1  substantial part of the injury took place and continues to take place; and (b) this is a
2  judicial district in which Defendants may be found.

3       5.     Upon information and belief, Defendants operate 28 clothing stores in
4  California, among them: a location in the Westfield Culver City at 6000 Sepulveda
5  Blvd. Space J 3470, Culver City, California 90230 and a location at the SouthBay
6  Pavilion 20700 S Avalon Blvd Suite 370, Carson, California 90746 both of which
7  are located in the Central District of California.

8  **THE PARTIES**

9       6.     Plaintiff L.A. T-SHIRT & PRINT, INC. ("Plaintiff") is a California
10 corporation doing business as RIOT SOCIETY with its principal place of business
11 in the County of Los Angeles, State of California.

12      7.     Upon information and belief, defendant RUE 21, INC. is, and at all
13 times relevant was, a Delaware corporation doing business within the jurisdiction of
14 this Court.

15      8.     Upon information and belief, defendant NEW RUE 21, INC. is, and at
16 all times relevant was, a Delaware corporation doing business within the jurisdiction
17 of this Court.

18      9.     Upon information and belief, defendant NEW RUE 21, LLC is, and at
19 all times relevant was, a Delaware limited liability company doing business within
20 the jurisdiction of this Court.

21      10.    Upon information and belief, defendant NEW RUE21 HOLDCO, INC.
22 is, and at all times relevant was, a Delaware corporation doing business within the
23 jurisdiction of this Court.

24      11.    Upon information and belief, defendant NEW RSC, LLC is, and at all
25 times relevant was, a Delaware limited liability company doing business within the
26 jurisdiction of this Court.

27 ///

28 ///

Complaint

12. Upon information and belief, defendant NEW RUE21 INTERMEDIATE, INC. is, and at all times relevant was, a Delaware corporation doing business within the jurisdiction of this Court.

13. Upon information and belief, defendant R21 HOLDINGS, INC. is, and at all times relevant was, a Delaware corporation doing business within the jurisdiction of this Court.

14. Upon information and belief, defendant R21 HOLDINGS, INC. is, and at all times relevant was, a holding company that controlled and still controls RUE 21, INC., NEW RUE21 HOLDCO, INC., NEW RSC, LLC, R SERVICES LLC, NEW RUE21, INC., NEW RUE21 INTERMEDIATE, INC., and NEW RUE21, LLC.

15. R21 HOLDINGS, INC., RUE 21, INC., NEW RUE21 HOLDCO, INC., NEW RSC, LLC, R SERVICES LLC, NEW RUE21, INC., NEW RUE21 INTERMEDIATE, INC., and NEW RUE21, LLC, are collectively referred to herein as "RUE21."

16. RUE 21, INC., NEW RUE21 HOLDCO, INC., NEW RSC, LLC, R SERVICES LLC, NEW RUE21, INC., NEW RUE21 INTERMEDIATE, INC., and NEW RUE21, LLC, are collectively referred to herein as "the RUE21 Subsidiaries."

17. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein. Accordingly, Plaintiff sues said defendants

by said fictitious names.  At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

18.    At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendants acts alleged herein was done with the permission and consent of each of the other Defendants.

19.    Upon information and belief, at all times relevant hereto, R21 HOLDINGS INC., RUE 21, INC., NEW RUE21 HOLDCO, INC., NEW RSC, LLC, R SERVICES LLC, NEW RUE21, INC., NEW RUE21 INTERMEDIATE, INC., and NEW RUE21, LLC were all alter egos of one another, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants such that any separateness between them has ceased to exist in that R21 HOLDINGS completely controlled, dominated, managed, and operated the RUE21 Subsidiaries to suit its convenience.

20.    Specifically, upon information and belief, at all times relevant hereto, R21 HOLDINGS (1) controlled the business and affairs of the RUE21 Subsidiaries, including any and all of its affiliates; (2) commingled the funds and assets of the corporate entities, and diverted corporate funds and assets for his own personal use; (3) disregarded legal formalities and failed to maintain arm's length relationships among the RUE21 Subsidiaries; (4) inadequately capitalized the RUE21 Subsidiaries; (5) used the same office or business location and employed the same employees for all the RUE21 Subsidiaries; (6) held R21 HOLDINGS out as personally liable for the debts of the RUE21 Subsidiaries; (7) used the RUE21 Subsidiaries as a mere shells, instrumentalities or conduits for R21 HOLDINGS; (8) used the RUE21 Subsidiaries to procure labor, services or merchandise for another

person or entities; (9) manipulated the assets and liabilities between the RUE21 Subsidiaries so as to concentrate the assets in one and the liabilities in another; (10) used the RUE21 Subsidiaries to conceal their ownership, management and financial interests and/or personal business activities; and/or (11) used the RUE21 Subsidiaries to shield against R21 HOLDINGS' obligations, and in particular the obligations as alleged in this Complaint.

21. Upon information and belief, at all times relevant thereto, the RUE21 Subsidiaries were not only influenced and governed by R21 HOLDINGS, but there was such a unity of interest and ownership that the individuality, or separateness, of R21 HOLDINGS and the RUE21 Subsidiaries has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice.

22. By information and belief, and at all relevant times mentioned herein, the acts of the business entities involved were performed by an employee, agent, officer, servant and/or representative of R21 HOLDINGS and the RUE21 Subsidiaries.

## **FACTUAL BACKGROUND**

23. Plaintiff is in the garment industry and regularly manufactures and sells garments bearing its original designs in connection with its famous "Riot Society" brand. Plaintiff also regularly sells, licenses, or otherwise exploits its artwork to manufacturers, retailers, and other third parties. In light of Plaintiff's extensive use of its artwork and designs and its use thereof in connection with Plaintiff's well-known "Riot Society" brand, such designs have too become well-known, including among Plaintiff's customers and its established and famed retailers.

24. Plaintiff's original designs include, without limitation, the designs attached hereto as **Exhibit A** (collectively, the "Designs").

25. Plaintiff owns, and had owned prior to the infringing acts complained of herein, copyright and/or trademark rights in each of the Designs.

26. Not only does Plaintiff own common law trademark rights in the Designs, but Plaintiff also owns United States Patents & Trademark Office ("USPTO") Registration No. 6117159 for the following design internally titled "Broken Heart Design":



27. A true and correct copy of the USPTO registration for the Broken Heart Design is attached hereto as **Exhibit B**.

28. Similarly, in addition to its common law copyrights in the Designs, Plaintiff owns the following copyright registrations with the United States Copyright Office:

- Registration No. VA0002186054 for the following design internally titled "Aloha/Hula Death":



- Registration No. VAu001413986 for the following design internally titled "Stay Balanced":



- Registration No. VA002226837 for the following design internally titled "Skull Rose":



- Registration No. VA002226838 for the following design internally titled "Skull Flower":



///

29.     True and correct copies of the foregoing copyright registrations have been attached hereto as **Exhibit C**.

30.     The Designs, including the registered and unregistered ones, have long been offered and advertised for sale by Plaintiff on numerous outlets including but not limited to, Plaintiff's website and social media pages as well as those of authorized third-party retailers. As such, there is no doubt that third parties, including Defendants, had access to Plaintiff's Designs.

## DEFENDANTS' INFRINGING CONDUCT

31.     In or around mid to late 2020, Plaintiff discovered that Defendants were selling garments and other products that bear designs that are identical, confusingly similar, and/or substantially similar to Plaintiff's Designs ("Infringing Products").

32.     Defendant RUE21 operates a store through a website located at http://www.rue21.com ("the RUE21 Website").

33.     Upon information and belief, there is no way for a member of the general public to obtain a login for the RUE21 Website to post content on the RUE21 Website.

34.     Upon information and belief, all content on the RUE21 Website is posted by agents of RUE21.

35.     Upon information and belief, a search at the Library of Congress reveals that no agent under the Digital Millennium Copyright Act ("DMCA") is designated for the RUE21 Website.

36.     As of December 19, 2020, at least sixteen garments are for sale on the RUE21 Website that use Plaintiff's registered Broken Heart Design.  A true and accurate copy of those listings is attached as **Exhibit D**.

37.     As of December 19, 2020, at least one garment is for sale on the RUE21 Website that use Plaintiff's registered Skull Flower design.  A true and accurate copy of this listing is attached as **Exhibit E**.

38.     As of December 19, 2020, at least one garment is for sale on the RUE21

Website that use Plaintiff's registered Skull Rose design.  A true and accurate copy of this listing is attached as **Exhibit F**.

39.    Upon information and belief, Defendants have misappropriated and continue to misappropriate the Designs, and are selling Infringing Products throughout the United States, including but not limited to within this judicial district.

40.    Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully manufacturing, reproducing, importing, distributing, advertising and/or selling Infringing Products in this judicial district that feature designs that are identical, or substantially similar to, the Designs.

41.    Upon information and belief, Defendants' infringing use of the Designs is not limited to the Infringing Products described above, and other products of Defendants may infringe Plaintiff's copyrights and/or trademarks in the Designs.

42.    Upon information and belief, Defendants' infringing conduct was and is willful and malicious.

43.    First, Defendants have infringed upon not one, but at least twenty three (23) different Designs of Plaintiff.

44.    Second, the deliberate nature of Defendants' wrongful conduct is evident through the manner in which Defendants have engaged in the infringement. For example, the Designs that Plaintiff displays on its clothing as embroidered, Defendants have also displayed as embroidered; the Designs that Plaintiff displays on its clothing as graphics, Defendants have also displayed as graphics; the Designs that Plaintiff has displayed on specific clothing colors/types, Defendants have also displayed on the same clothing colors/types; the Designs that Plaintiff has positioned in certain places on the clothing, Defendants have also positioned in the same place on their clothing. Some examples of side-by-side comparisons of Plaintiff's products and Defendants' Infringing Products are attached hereto as **Exhibit G**.

45.    Third, Michael Cingolani, the current Vice President of Men's Merchandising for Defendant Rue21, who is responsible for developing and

implementing merchandise strategy for all men's apparel at Rue21, was previously the Division Merchandising Manager for men's and boy's apparel at Tilly's for five years prior to his current position at Rue21. Since Plaintiff is a top seller to Tilly's, and was at the time that Mr. Cingolani worked there, Mr. Cingolani was well-aware of and had access to Plaintiff's business model, successful strategies, and best-selling designs – including, without limitation, the Designs. Upon information and belief, Mr. Cingolani knowingly and willfully authorized, directed, and oversaw the infringement by Defendants of Plaintiff's Designs.

46.    Fourth, upon information and belief, this is not the first time Defendant Rue 21 has infringed upon Plaintiff's intellectual property. In fact, in 2017, Plaintiff filed a lawsuit against Rue21 for infringement of various designs.

## **FIRST CLAIM FOR RELIEF**

### **(For Copyright Infringement - Against All Defendants)**

47.    Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

48.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Designs and by producing, distributing and/or selling Infringing Products.

49.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

50.    Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

51.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly

attributable to Defendants' infringement of the Designs in an amount to be established at trial.

52.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Products.

53.     Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Designs. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement

### - Against All Defendants)

54.     Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

55.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Products featuring the Designs as alleged hereinabove.

56.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because

they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

57.   By reason of the Defendants' acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

58.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Designs, in an amount to be established at trial.

59.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Products.

60.   Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Designs. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.   Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

///

## THIRD CLAIM FOR RELIEF

### (Trademark Infringement - Against All Defendants)

61. Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

62. Plaintiff has continuously used its Designs, and the variations thereof, in commerce throughout all of the United States, including this judicial district, in connection with and as a source identifier for Plaintiff's goods and services.

63. As a result, Plaintiff has established common law trademark rights in its Designs.

64. In addition, Plaintiff has been issued with a USPTO registration for its Broken Heart Design.

65. Defendants have made use of Plaintiff's Designs, and variations thereof, without Plaintiff's consent, knowledge, or authority.

66. Defendants' unauthorized use of Plaintiff's Designs in connection with Defendants' marketing and sales of the Infringing Products constitutes infringement of Plaintiff's common law trademark rights, misappropriates the valuable goodwill developed by Plaintiff in the mark, and is likely to cause (and has actually caused) confusion, mistake, and/or deception among the relevant public as to the source of Defendants' goods and services or their affiliation, sponsorship or approval of Defendants' Infringing Products by Plaintiff and/or Plaintiff's business affiliates, advertisers, and retailers – especially in light of the similarities in location, size, position, and color patterns between Plaintiff's products and Defendants' Infringing Products.

67. In fact, numerous buyers and other members of the public have contacted Plaintiff communicating their actual confusion and belief that Plaintiff had sold products bearing one or more of the Designs to Defendant Rue21.

68. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to

describe and/or represent, in a false or misleading fashion, Defendants' products as those of Plaintiff's.

69.     Plaintiff has earlier established, superior rights in its Designs, and variations thereof.

70.     Defendants are aware of Plaintiff's use and corresponding rights in the Designs. Defendants' aforementioned acts constitute the unauthorized use of Plaintiff's Designs, and variations thereof, for identical or confusingly similar goods and services, amounting to willful infringement of Plaintiff's trademark rights.

71.     Defendants acts of willful infringement of Plaintiff's rights in the Designs, and variations thereof, have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, Plaintiff's business relationship with its retailers, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

72.     Defendants' acts are the proximate cause of such injury and damage.

73.     By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

## **FOURTH CLAIM FOR RELIEF**

### **(Trademark Dilution - Against All Defendants)**

74.     Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

75.     Plaintiffs' Designs, and variations thereof, are famous and distinctive and have garnered widespread publicity and public recognition in California and nationwide.

///

-15-                                        Complaint

76.     Defendants' use of the Designs, and variations thereof, in connection with the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Infringing Products began after the Designs became well-known, distinctive, and famous in California and throughout the United States.

77.     Defendants' unlawful use of the Designs, and variations thereof, dilutes the distinctive quality of the Designs and lessens the capacity of the Trademarks to serve as a unique identifier of Plaintiff's products, in violation of 15 U.S.C. § 1125.

78.     Upon information and belief, Defendants willfully intended to trade on the reputation and goodwill associated with the Designs and to cause its dilution.

79.     Defendants' dilution has caused and, unless restrained and enjoined by this Court, will persist and will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

80.     Defendants' acts are the proximate cause of such injury and damage.

81.     By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of dilution and any enhanced damages justified by the willful and intentional nature of such acts.

## FIFTH CAUSE OF ACTION

(Unfair Competition, California Business & Professions Code § 17200

– Against All Defendants)

82.     Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

83.   Defendants' conduct, as alleged herein, is unlawful and Defendants engaged in such conduct without privilege, justification or excuse.

84.   Defendants' numerous instances of misconduct constitutes an "unlawful, unfair or fraudulent business act or practice" in violation of California Business & Professions Code § 17200 et seq.

85.   Defendants' conduct has directly and proximately caused and will continue to cause Plaintiff substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of Plaintiffs Designs, for which there is no adequate remedy at law.

86.    In light of the foregoing, Plaintiff is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendants from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendants through their wrongful conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally, with respect to each claim for relief:

a.   That Defendants and their respective owners, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be preliminarily and then permanently restrained and enjoined from:

1.  Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing Infringing Products;

2.  Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing any other clothing or other products bearing Plaintiff's Designs, or any other copy, reproduction, or colorable imitation thereof, or any other mark or design that is confusingly similar or substantially similar thereto; and

///

b.    That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.    Compensatory, punitive, exemplary, consequential, incidental, and/or special damages, in an amount to be determined at trial;

d.    Restitution;

e.    Pre-judgment and post-judgment interest;

f.    Costs of suit incurred herein, including attorney's fees and expenses; and

h.    Such other relief as the Court may deem appropriate.

Dated:  December 30, 2020        **NOVIAN & NOVIAN, LLP**

By:   /s/ Farhad Novian
        FARHAD NOVIAN
        SHARON RAMINFARD
        MICHAEL O'BRIEN

        Attorneys for Plaintiff
        L.A. T-SHIRT & PRINT, INC.

Complaint